UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| XO ENERGY LLC, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-599 |
| § | |
| LIANG BENNY ZHAO, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Defendant filed before this Court a Motion to Dismiss for lack of subject matter jurisdiction. (Doc. No. 40.) Because Plaintiffs have not proven that there is complete diversity of citizenship, the motion is **GRANTED** and the case is dismissed without prejudice.

I.   BACKGROUND

Defendant Liang "Benny" Zhao is a former employee of Plaintiffs XO Energy, LLC and XO Energy Worldwide, LLLP. Second Am. Compl. 3 (Doc. No. 18). Plaintiffs brought suit against Defendant in federal court on March 6, 2015, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Pls.' Original Compl. 2 (Doc. No. 1). Plaintiffs asserted claims for breach of contract, misappropriation of confidential information, and breach of the common law duties of loyalty and confidentiality. *Id.* at 8-9. Plaintiffs later added claims for violations of the Computer Fraud and Abuse Act ("CFAA") and invoked federal question jurisdiction pursuant to 28 U.S.C. § 1331. Second Am. Compl. 2, 11.

Defendant Zhao is a resident of Texas. 2nd Amend. Compl. 2. Plaintiff XO Energy LLC is a limited liability company incorporated in Delaware, with its principal office and place of

1

business in Pennsylvania; its Sole Member, Shawn Sheehan, claims citizenship in the U.S. Virgin Islands. *Id.* at 1. Plaintiff XO Energy Worldwide, LLLP is a limited liability limited partnership, with its principal office and place of business located in the Virgin Islands. *Id.*

XO Energy Worldwide, LLLP is composed of one general partner (XO EW, LLC) and eighteen limited partners, sixteen of which are individual persons ("individual partners"). Pls.' Resp. to Def.'s Mot. to Dismiss 7 (Doc. No. 41). The citizenship of each individual partner is in dispute. Plaintiffs argue that all sixteen individual partners are citizens of the Virgin Islands for the purpose of diversity jurisdiction. *Id.* at 7-14. Defendant argues that Plaintiffs have not met their burden to prove that each partner was a citizen of the Virgin Islands on the day the lawsuit was filed. Def.'s Resp. to Pls.' Suppl. to Pls.' Resp. to Def.'s Mot. to Dismiss 2-3 (Doc. No. 50). Two of the partners—Bradley Schuster and Xingbin "Allen" Yu—have had strong connections to Texas. Resp. to Mot. to Dismiss Ex. F, at 2 (Doc. No. 41-7); Resp. to Mot. to Dismiss Ex. G, 2 (Doc. No. 41-8). Defendant claims that Plaintiffs have not proven that Schuster and Yu have abandoned their Texas domiciles. Mot. to Dismiss 18; Def.'s Resp. to Pls.' Supp. 11-13.

In their Second Amended Complaint, Plaintiffs allege:

Plaintiff XO Energy Worldwide, LLLP ("Worldwide") is a limited liability limited partnership organized under the laws of the Territory of the U.S. Virgin Islands, with its principal office and place of business located in St. Thomas, U.S. Virgin Islands. Since Worldwide is subject to the Beneficiary Guidelines established by the University of the Virgin Islands Research and Technology Park . . ., all partners of Worldwide must be and are domiciled in and citizens of the U.S. Virgin Islands.

Second Am. Compl. ¶ 2.

Plaintiffs submitted declarations by the individual partners, as well as various other records, and argued that those documents proved the citizenship of each of the sixteen individual partners. Pls.' Resp. to Def.'s Mot. to Dismiss 7. At a hearing on the Motion to Dismiss, however, this Court determined that the record provided insufficient support for a finding of

jurisdiction.  Mot. Hearing Tr. 16, July 8, 2015 (Doc. No. 48).  Plaintiffs were given the opportunity to submit more evidence on the issue of the domicile of the individual partners.  *Id.* at 17.  In particular, this Court asked Plaintiffs to submit "specific affidavits" identifying the point at which each partner abandoned his or her previous domicile in favor of the Virgin Islands and demonstrating the partners' ties to the Virgin Islands.  *Id.* at 16.  Plaintiffs subsequently filed their Supplemental Exhibits to Plaintiffs' Response to Defendant's Motion to Dismiss, which included additional declarations and records.  (Doc. No. 47.)

## II.     LEGAL STANDARDS

Federal courts are courts of limited jurisdiction.  *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001).  A suit is presumed to fall outside this limited jurisdiction.  *Id.*  The burden to establish federal jurisdiction rests on the party seeking the federal forum.  *Id.*; *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court.").  The party seeking to assert federal jurisdiction must prove, by a preponderance of the evidence, that subject matter jurisdiction exists.  *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).  "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties."  *Coury*, 85 F.3d at 249.

### A.     Diversity Jurisdiction

Because this case was originally brought under diversity jurisdiction—later, Plaintiffs amended the complaint to add a claim for relief under the CFAA and assert federal question jurisdiction—this Court can only consider diversity of parties as a basis for jurisdiction.  Pls.' Original Compl. 2 (Doc. No. 1).  An amendment of a pleading "may remedy jurisdictional

problems of the technical or formal variety, but it may not create an entirely new jurisdictional basis to provide competence in a court which lacked authority over the case ab initio." *In re Katrina Canal Breaches Litig.*, 342 F. App'x 928, 931 (5th Cir. 2009) (internal quotation marks omitted).

Federal courts have subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different States. 28 U.S.C. § 1332(a)(1). Diversity of citizenship must exist at the time the action is commenced. *Coury*, 85 F.3d at 248. The rule of complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). Because "the citizenship of a limited partnership is based upon the citizenship of each of its partners," in order for diversity jurisdiction to exist, each partner of a limited partnership must be a citizen of a different state than all persons on the other side. *Id.* (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990)).

B.  **Citizenship and Domicile**

"For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id*. (quotations omitted). Domicile is "evaluated in terms of objective facts." *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985). Courts look to a variety of factors, including "the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places

of business or employment, and maintains a home for his family." *Coury v. Prot,* 85 F.3d 244, 251 (5th Cir. 1996). "No single factor is determinative." *Id.* However, statements of intent by the litigants are "entitled to little weight if [they] conflict[] with the objective facts." *Id.* Although evidence of a person's place of residence is "prima facie proof of his domicile," once domicile is established, "a person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

## III.   ANALYSIS

While Plaintiffs did supplement the record after the July 8, 2015 hearing on the Motion to Dismiss, adding 706 pages of declarations and exhibits, those additional records did not satisfactorily address the Court's concerns. To defeat diversity jurisdiction, there need be only one partner whose domicile in the Virgin Islands (or, whose domicile in any state other than Texas) has not been established. Without deciding the domiciles of the other partners, this Court finds that Plaintiffs have not met their burden to prove by a preponderance of the evidence that Bradley Schuster abandoned his Texas domicile and established domicile in the Virgin Islands; therefore, the parties do not have complete diversity.

### A.   Bradley Schuster's First Declaration and Attachments

Bradley Schuster signed his first declaration on June 11, 2015. In that declaration, he stated that he resided in the Virgin Islands and that it was his "intent to remain in the U.S. Virgin Islands indefinitely." Schuster Decl., Ex. F, at 2 (Doc. No. 41-7). He did not say when his residence in the Virgin Islands began. Schuster declared that he resided at 10-A-2 Estate Peterborg, St. Thomas, VI, and that he had purchased real property—through an LLC of which he was the Sole Member—at 10-A-13 and 10-A-14 Estate Peterborg. *Id.* He declared that he

maintained a checking account in the Virgin Islands and that he "[paid] taxes listing the Virgin Islands as [his] home address." *Id.* He declared that he was licensed to drive and had registered his automobile in the Virgin Islands. *Id.* And, finally, he declared that he had no ownership interests in two specific real properties located in Spring, Texas and Houston, Texas. He declared that he sold the Houston real property in November of 2013; he did not elaborate as to the Spring real property. *Id.*

The Warranty Deeds for 10-A-13 and 10-A-14, however, showed only that the properties were purchased by 10-A-1314 Peterborg, LLC, a limited liability company whose mailing address was 6501 Red Hook Plaza, Suite 201, St. Thomas. *Id.* at 5. That same Red Hook address was listed on Shawn Sheehan's 2014 Tax Reporting Statement, *see* Ex. A, at 55 (Doc. No. 41-2), and it appeared in various places in the records of all the other partners except for Mr. Yu. There was no evidence that Schuster was the Sole Member, or had any connection to, 10-A-1314 Peterborg, LLC. Schuster's bank account statement showed no transactions or other use, and it was also addressed to Red Hook. The automobile was registered in Schuster's name and he did have a Virgin Islands driver's license, but that evidence was not nearly enough to prove domicile.

  B.  **Bradley Schuster's Second Declaration and Attachments**

In the supplemental declarations that Plaintiffs submitted after the hearing, every individual partner, including Schuster, declared the following: "Due to the general unavailability of or limitations on postal services in St. Thomas, I use a mail service located at 6501 Red Hook Plaza, Suite 201, St. Thomas, VI 00802, which is within walking distance of my place of employment." *E.g.*, Ex. F, at 2 (Doc. No. 47-7). Schuster also declared that he maintains a checking account in the Virgin Islands and pays income taxes to the Virgin Islands Bureau of

Internal Revenue—and he provided credible evidence in the form of bank statements and tax records—but he did not say whether or not he maintains other checking accounts or pays taxes outside the Virgin Islands. *Id.* He declared that he owns two automobiles that are registered and insured in the Virgin Islands, and he declared that he "only own[s] real and/or personal property in the Virgin Islands and [does] not have any interests within the State of Texas, and [he does] not intend to permanently return to the State of Texas." *Id.* He declared that he registered to vote in Harris County, Texas in 2006, and that he voted in Texas in 2008, but he did not mention either registering to vote or having voted in the Virgin Islands. *Id.* Although he repeated many of the same assertions from the first declaration, there was no mention of the real property that, in the first declaration, he claimed to have purchased through 10-A-1314 Peterborg, LLC.

One of the attachments to Schuster's declaration is IRS form 8898, "Statement for Individuals Who Begin or End Bona Fide Residence in a U.S. Possession," which Schuster signed on August 8, 2014.[1] *Id.* at 27. In that form, Schuster listed bank accounts with Chase, USA and Fidelity, USA, in addition to the Virgin Islands bank mentioned in his declaration. *Id.* at 28. He stated that he kept his 401k account, IRA account, and cash in the Fidelity and Chase banks; he kept only cash in the Virgin Islands bank. *Id.* He stated that he owned two cars: a Jeep located in the Virgin Islands, and a Chevy located in Texas. *Id.* While it is possible that Schuster sold or otherwise lost possession of the Texas automobile sometime between August 8,

---

[1] Plaintiffs claim in their Second Amended Complaint that, "Since Worldwide is subject to the Beneficiary Guidelines established by the University of the Virgin Islands Research and Technology Park . . ., all partners of Worldwide must be and are domiciled in and citizens of the U.S. Virgin Islands." Second Am. Compl. ¶ 2. However, the requirement in the Beneficiary Guidelines is that partners must be bona fide residents of the Virgin Islands, *see* 17 V.I.C. § 806(f), which is not equivalent to being domiciled in the Virgin Islands. Bona Fide Residency in a Possession, 26 C.F.R. 1.937-1. Indeed, the fact that all the partners are required to reside for a certain portion of each year in the Virgin Islands (in order for Worldwide to receive tax benefits) might weigh against the claim that the partners intend to remain in the Virgin Islands indefinitely.

2014 and March 6, 2015, the date this case was filed, there is no evidence or explanation resolving the contradiction between Schuster's declaration and the IRS form.

The declaration and attachments are simply not substantive or persuasive enough to rebut the presumption that Schuster was still domiciled in Texas as of March 6, 2015. Although he had moved from Texas to the Virgin Islands by that date, the objective facts do not demonstrate that he had the intention to remain in the Virgin Islands indefinitely. Like Defendant Zhao, Schuster moved from Texas to the Virgin Islands as a condition of his employment. Zhao moved back to his home state of Texas after his employment in the Virgin Islands ended; there is not enough evidence in the record to give credence to Schuster's declaration—identical in form and wording to every other individual partner's declaration—that he will not do the same.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** without prejudice.

**IT IS SO ORDERED.**

**SIGNED** on this the 14th day of September, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE