United States District Court
Southern District of Texas
**ENTERED**
April 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **XO ENERGY LLC,** *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-599 |
| | § | |
| **LIANG BENNY ZHAO,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Defendant filed before this Court a Motion for Damages against Bond Pursuant to Rules 65 & 65.1. (Doc. No. 59.) This lawsuit was dismissed for lack of subject matter jurisdiction after this Court determined that Plaintiffs had not established complete diversity of citizenship. (Doc. No. 55.) Because Defendant was subject to a wrongfully issued preliminary injunction that forced him to maintain $514,547.59 in a non-interest-bearing account until the injunction was dissolved, the Motion for Damages should be granted.

**I.   BACKGROUND**

Defendant Liang "Benny" Zhao is a former employee of Plaintiffs XO Energy, LLC and XO Energy Worldwide, LLLP. Second Am. Compl. 3 (Doc. No. 18). Plaintiffs brought suit against Defendant in federal court on March 6, 2015, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Pls.' Original Compl. 2 (Doc. No. 1). Plaintiffs claimed that, because Defendant had breached an employment agreement, Plaintiffs were entitled to recover Defendant's 2014 deferred compensation, totaling $532,547.59. This Court issued a preliminary injunction prohibiting Defendant from "[u]sing, transferring or removing from the State of Texas

any portion of the $532,547.59 in deferred compensation that was deposited into [Defendant's] personal bank and 401K accounts and which he received from Plaintiffs on or about February 27, 2015." (Doc. No. 7.) This Court also required Plaintiffs to post a bond equal to the amount of money attached.

Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction, which this Court granted upon a determination that Plaintiffs had not met their burden to establish complete diversity of citizenship. (Doc. No. 55.) The preliminary injunction was dissolved. Now, Defendant asks this Court to award damages from the bond in the amount of $2,834.93, which Defendant claims he would have earned in interest had he been free to invest the enjoined money during the time period he was restrained. Plaintiffs do not contest Defendant's calculations, but argue that the motion is premature because there has been no final judgment on the merits of Plaintiffs' claims.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 65 governs the issuance of injunctions and restraining orders in federal court, and Rule 65.1 governs proceedings against a surety. Rule 65.1 provides, in relevant part, that "[w]henever these rules . . . require or allow a party to give security, and security is given through a bond or other undertaking with one or more sureties, each surety submits to the court's jurisdiction and irrevocably appoints the court clerk as its agent for receiving service of any papers that affect its liability on the bond or undertaking. The surety's liability may be enforced on motion without an independent action." Fed. R. Civ. P. 65.1.

If an injunction order is found to have been improperly issued or wrongfully continued, "the general rule is that the enjoined party may recover damages . . . if said damages are the actual, natural, and proximate result of the wrong committed." *Grant v. Smith*, 574 F.2d 252,

256 (5th Cir. 1978) (internal citations omitted). "The Supreme Court has held that whether a party has 'been wrongfully enjoined or restrained' is not always coextensive with a final adjudication on the merits." *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc*., 775 F.3d 128, 137 (2d Cir. 2014) (citing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 314, 317 (1999)). Under federal law, a party may recover damages for a wrongful injunction when the injunction was vacated for lack of subject matter jurisdiction. *Minnesota Power & Light Co. v. Hockett*, 105 F. Supp. 2d 939, 942 (S.D. Ind. 1999).

### III.   ANALYSIS

This Court did not have subject matter jurisdiction when the case was filed; therefore, the preliminary injunction was wrongfully issued. Despite Plaintiffs' contentions, it is not necessary that there be a final adjudication on the merits in order for Defendant to recover. If not for the improperly issued injunction, Defendant would have been free to invest the $532,547.59, and Plaintiffs do not contest that Defendant would have earned $2,834.93 in interest. Defendant should therefore be awarded $2,834.93 as damages resulting from the wrongful issuance of the March 9, 2015 Preliminary Injunction and Writ of Attachment entered in this matter.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Damages against Bond Pursuant to Rules 65 & 65.1 is **GRANTED**.

**IT IS SO ORDERED.**

**SIGNED** on this the 8th day of April, 2016.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE